UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14029-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDWIN ANTONIO HILL,

    Defendant.

_____/

FILED by ___ D.C.

MAR - 6 2008

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO COMPEL SPECIFIC PERFORMANCE [D.E. #318]

**THIS CAUSE** having come on to be heard upon the Defendant's pro se Motion To Compel Specific Performance [D.E. #318] and this Court having reviewed the motion as well as the government's response, makes the following recommendations to the District Court:

    1.    The Defendant's pro se motion seeks to compel specific performance and require the government to file a Motion To Reduce Sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. It is interesting that a footnote on page 3 of the Defendant's motion admits that his written Plea Agreement lacks the "standard cooperation language", however it was his firm understanding that by cooperating and providing his full assistance, he would be the recipient of a sentence reduction under the Federal Rules of Criminal Procedure.

    2.    The written Plea Agreement reviewed by this Court does not contain any such promise or even assurance of any kind that the government would file a motion to reduce sentence. That language is just not there. Even the government's response simply

recites the standard language taken from paragraphs 5, 6 and 7 of the Plea Agreement concerning certain recommendations to the District Court in respect to downward departures at the time of sentencing based upon the Defendant's acceptance of responsibility and advising that he would plead guilty.

3. The Defendant entered his plea of guilty on or about September 27, 2006 to Count One which charged him with conspiracy to possess with intent to distribute fifty (50) grams or more of cocaine base, in violation of the applicable federal statutes. The Defendant was thereafter sentenced on or about December 5, 2006. According to the Defendant's motion, his attorney informed the Court of the Defendant's ongoing cooperation and that his client anticipated a sentence reduction for this cooperation after his co-defendants had gone to trial. However, there is no such agreement nor any such language in the Defendant's Plea Agreement. The District Court sentenced the Defendant to 135 months to be followed by 5 years of supervised release. The Defendant's motion asserts that this was within guideline range, but at the upper end of the guideline range established by the District Court at sentencing.

4. The Defendant's motion goes on to allege that he provided information to the government concerning the co-defendants. His motion asserts that he was an "on-call witness" during co-defendant Cooper's and co-defendant Stacey's trials.

5. The Defendant further alleges that co-defendants Heaven and Williams both received benefits of a government motion requesting the Court to exercise its discretion for a downward departure. The Defendant alleges that this occurred on or about January 5, 2007. The Defendant finally alleges that to date, he has not heard anything from the government concerning a substantial assistance motion being filed on his behalf.

6. The Defendant's motion alleges several grounds or purported authority for his requested relief. The Defendant alleges that the government has failed to properly assess his cooperation. He alleges that the government has breached the Plea Agreement and demands specific performance, even though there is nothing in the Plea Agreement executed by the Defendant and the government which requires the government to even consider filing such a motion. The Defendant further alleges a general constitutional argument of due process and equal protection violations. The Defendant's motion does not allege any specifics in regards to either one of these except for reiterating that the government should recognize his cooperation and file a substantial assistance motion for him. Additionally, the Defendant's equal protection argument simply states that other co-defendants received the benefit of a downward departure for their cooperation and he did not.

7. The Defendant alleges that the government has not dealt with him in good faith and has therefore violated Rule 11 of the Federal Rules of Criminal Procedure. Additionally, the Defendant requests an evidentiary hearing, which is not necessary based upon the facts of this case.

8. The government's response has been reviewed as well. The facts set forth in the response confirm paragraphs 5, 6 and 7 of the Defendant's Plea Agreement which is [D.E. #141] in the record. The provisions cited by the government and the Plea Agreement as reviewed by this Court in its entirety in respect to this motion, do not even contain the standard cooperation language and/or Rule 35 language. As mentioned earlier, the footnote in the Defendant's pro se motion even admits this fact.

9. The government's response alleges that the Defendant was debriefed, but that is insufficient in and of itself to rise to the threshold of being considered "substantial assistance." The U. S. Attorney's Office is the sole determiner of that cooperation.

10. The government's response also asserts that co-defendants Heaven and Williams provided much more cooperation and new information than did this Defendant. The government alleges that all the information received from the Defendant was cumulative, already known to the government, and provided nothing new. Further, the government's response asserts that the facts and information which were being provided by this Defendant were "incredible and misrepresenting of the facts." The government asserts that this is why the Defendant was not used as a witness for the government in the trial of co-defendants Cooper and Stacey. This information was apparently discovered on the eve of trial and the government made a strategic decision to not utilize this Defendant as a witness. The government informed the Defendant and his attorney of this fact and that no such Rule 35 motion was going to be filed at any time in the future in respect to the Defendant Hill.

11. A defendant who merely claims to have provided substantial assistance and/or only makes generalized allegations of some improper motive on the part of the government in declining to make a substantial assistance motion, is not entitled to a remedy or even an evidentiary hearing. United States v. Dorsey, 512 F.3d 1321 (11th Cir. 2008). As stated in Dorsey, the defendant has the burden of proving prosecutorial vindictiveness. In this case, the Defendant's motion does not even raise a specific allegation of prosecutorial vindictiveness. In fact, the Defendant's motion speaks more to

4

the fact that he believes the government did not properly assess and consider his cooperation.

12.     Section 5K1.1 confers the power, but not the duty, to file a motion on behalf of a defendant where a defendant has provided substantial assistance. A district court cannot grant such a downward departure under 5K1.1 absent such a motion. A mere claim that the defendant has provided substantial assistance or general allegation of improper motive does not warrant a remedy nor does it even require an evidentiary hearing. United States v. James, 2008 WL 90157 (11th Cir. 2008).

13.     To warrant an evidentiary hearing and even a consideration of such a motion, a defendant must make an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissive motive, such as race or religion. United States v. Forney, 9 F.3d 1492 (11th Cir. 1993) and United States v. Ortiz, 133 Fed. Appx. 655 (11th Cir. 2005). While the Defendant attempts to couch some "constitutional" argument to his request, there is absolutely no factual basis nor any allegation in the Defendant's motion which would give any credence to such an argument. Where no such showing has been made by the Defendant, no hearing is required and no further review by the Court is required in respect to the government's decision to not file such a motion for substantial assistance. Fernandez v. United States, 2008 WL 190495 (S.D. Fla. 2008).

14.     Since the Defendant's motion does not meet the requirements for this Court to even go further in respect to his claims of substantial assistance, this Court will recommend that the motion be denied. Pursuant to the applicable case law, the Defendant is not entitled to an evidentiary hearing. While the government's right to make a decision

concerning the filing of such a substantial assistance motion is not unfettered, there must be some factual allegation and showing that such discretion, on the part of the government, was for an impermissibly unconstitutional purpose. There is absolutely no such fact before this Court.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion To Compel Specific Performance [D.E. #318] be **DENIED**.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this ____ day of March, 2008, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Carmen M. Lineberger

Edwin Antonio Hill, pro se
Reg. No. 75663-004
FCC Coleman-Medium
P.O. Box 1032
Coleman, FL 33521-1032